IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-39-BO

| | | |
|---|---|---|
| LORRAINE GHEE | ) | |
|     Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| WALMART STORES EAST L.P., | ) | |
|     Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure.[1] Defendant further moves under Rule 12(f) of the Federal Rules of Civil Procedure to strike portions of plaintiff's complaint as confidential, inadmissible, and disclosed in violation of N.C. Gen. Stat. § 96-4. Plaintiff, who proceeds in this action *pro se*, has responded to the motion,[2] defendant has replied, and the matters are ripe for ruling.

BACKGROUND

Plaintiff commenced this action by filing a complaint in Edgecombe County, North Carolina Superior Court on December 5, 2019. Defendant removed the action to this Court on March 31, 2021, pursuant to its diversity jurisdiction after receiving notice of the suit on or about March 1, 2021. 28 U.S.C. §§ 1332; 1441. In her complaint, plaintiff alleges that her employment with defendant was terminated on September 3, 2018, after she had been employed with Walmart for nearly nineteen years. Plaintiff alleges that her termination exit interview indicates she was terminated for being unable to perform her job, specifically related to an incoming scam telephone call. Defendant indicated that plaintiff had been given training to detect incoming

---

[1] Defendant cites Rule 12(b)(4) in its motion to dismiss but does not make any argument under that rule.

[2] In light of plaintiff's *pro se* status, the Court grants her request for extension of time [DE 12] and will consider her response to the motion to dismiss and strike.

scam calls, which plaintiff alleges she did not receive. Plaintiff alleges that during Division of Employment Security (DES) proceedings defendant gave alternate reasons for her discharge, claiming that plaintiff displayed carelessness and negligence in the performance of her job and that she left work without good cause, both of which plaintiff denies. Plaintiff asserts that her termination violated North Carolina public policy and relies on the DES decision to award her unemployment insurance benefits.

## DISCUSSION

Defendant moves to dismiss plaintiff's complaint for lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim. Fed. R. Civ. P. 12(b)(2); (5); (6).

A motion made pursuant to Rule 12(b)(5) challenges the mode of delivery or the lack of delivery of the summons and complaint. 5B Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1353. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

Federal Rule of Civil Procedure 4 describes the requirements for service of process. Fed.R.Civ.P. 4. A plaintiff must either serve all defendants with process, obtain a waiver of service of process, or provide good cause for delay within ninety days of filing a complaint. Fed.R.Civ.P. 4(d) & (m). Process consists of a summons and copy of the complaint. Fed.R.Civ.P. 4(c).

Here, the only summons issued in this case was issued by Edgecombe County Superior Court, and thus the North Carolina Rules of Civil Procedure apply to determine whether service of that summons was proper. *See, e.g., Greene v. Carolina Motor Club, Inc.*, No. 3:10CV57-MU, 2010 U.S. Dist. LEXIS 121368, at *13 n.4 (W.D.N.C. 2010). The North Carolina Rules of Civil

2

Procedure require that service must be made within sixty days of the issuance of the summons, unless extended by the plaintiff obtaining either an endorsement or an alias or pluries summons. *Id.* at *4; N.C. R. Civ. P. 4(c); (d). The summons in this case was issued on December 5, 2019. Defendant contends it did not receive the summons and complaint until March 1, 2021. [DE 1-1 p. 3; p. 23]. Plaintiff does not argue or provide any evidence to show that defendant was served within the time provided by the North Carolina Rules of Civil Procedure. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (plaintiff must demonstrate proper service if challenged).

Nor has she sought an extension of time to make service or had federal summons issue following the removal of this action to this Court. *See* Fed. R. Civ. P. 81(c)(1); 28 U.S.C. § 1448; *Rice v. Alpha Sec., Inc.*, 556 F. App'x 257, 260 (4th Cir. 2014).

Accordingly, the Court determines that plaintiff has failed to properly serve defendant within the time provided. However, even if plaintiff had effected proper service or if she were allowed an extension of time to effect proper service, her complaint would still be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180

3

(4th Cir. 2009) (internal alteration and citation omitted). But "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted).

The Court first considers defendant's request to strike portions of plaintiff's complaint. Defendant seeks to strike references to and the attachment of materials related to proceedings regarding plaintiff's unemployment insurance before the DES. Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored in this circuit, however, "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). The Court, in its discretion, has determined that the drastic remedy of striking material from the complaint is unnecessary. Accordingly, the motion to strike is denied. However, in light of N.C. Gen. Stat. § 96-4, the Court directs the clerk to make plaintiff's complaint and its attachments electronically accessible only to the Court, the parties, and public terminal users. The Court will also disregard the DES materials attached to plaintiff's complaint. *See* N.C. Gen. Stat. § 96-4(x)(4);(8); *Hartsell v. Duplex Prod., Inc.*, 895 F. Supp. 100, 102 (W.D.N.C. 1995).

Plaintiff's complaint appears to allege a claim for wrongful discharge in violation of North Carolina public policy, specifically North Carolina's Employment Security law. *See* N.C. Gen. Stat. §§ 96-1 *et seq.* Under North Carolina law, an at-will employee[3] generally may not raise a wrongful discharge claim. *Combs v. City Elec. Supply Co.*, 203 N.C. App. 75, 79 (2010). There is a public policy exception to this general rule, however, where an employee's

---

[3] There are no allegations which state or would support an inference that plaintiff was not an at-will employee.

4

termination is contrary to North Carolina public policy or prohibited by statute. *Kurtzman v. Applied Analytical Indus.*, 347 N.C. 329, 331 (1997). "In order to maintain such a claim, . . .the plaintiff must allege 'specific conduct by a defendant that violated a specific expression of North Carolina public policy . . ..'" *Horne v. Cumberland Cty. Hosp. Sys., Inc.*, 228 N.C.App. 142, 146 (2013) (quoting *Considine v. Compass Grp. USA, Inc.*, 145 N.C.App. 314, 321–22 (2001)). "The narrow exceptions to [the at-will employment doctrine] have been grounded in considerations of public policy designed either to prohibit status-based discrimination or to insure the integrity of the judicial process or the enforcement of the law." *Kurtzman*, 347 N.C. at 333-34.

To that end, wrongful discharge claims have been recognized where "the employee was discharged (1) for refusing to violate the law at the employer's request, (2) for engaging in a legally protected activity, or (3) based on activity by the employer contrary to law or public policy." *Marsh v. CBS Media Corp.*, No. 3:09cv289-RJC, 2009 U.S. Dist. LEXIS 88256, at *13 (W.D.N.C. Sep. 23, 2009) (quoting *Imes v. City of Asheville,* 163 N.C. App. 668, 594 S.E.2d 397, 399 (N.C. Ct. App. 2004)).

Plaintiff's allegations satisfy none of the above requirements. Plaintiff's reliance on the DES decision forms the basis of her conclusory allegation that defendant violated the Employment Security Law when it terminated her, but plaintiff has failed to sufficiently allege any facts which would bring her claim within North Carolina's narrow public policy exception to the at-will employment doctrine. *Imes*, 163 N.C. App. at 670. Her complaint is therefore properly dismissed for failure to state a claim upon which relief can be granted.

On July 7, 2021, plaintiff filed an amended complaint. Because the amended complaint was not filed within the time provided by Fed. R. Civ. P. 15(a)(1), the Court construes plaintiff's filing as a motion for leave to file an amended complaint. Leave to amend a pleading should be

freely given, but denied where the amendment would be, *inter alia*, futile. *Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is "futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

Plaintiff's proposed amendment is futile and her request for leave to amend is denied. In her proposed amended complaint, plaintiff alleges that her termination constitutes a breach of the implied covenant of good faith and fair dealing. North Carolina does not, however, recognize a claim for wrongful discharge in bad faith. *Johnson v. Pepperidge Farm, Inc.*, 23 F.3d 401 (4th Cir. 1994) (unpublished); *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 359 (1992).

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 8] is GRANTED; defendant's motion to strike [DE 8] is DENIED but the clerk shall restrict access to plaintiff's complaint and its attachments in accordance with the foregoing; plaintiff's motion for extension of time [DE 12] is GRANTED, and plaintiff's motion for leave to file an amended complaint [DE 16] is DENIED. The clerk is DIRECTED to close the case.

SO ORDERED, this __7__ day of October, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 4:21-cv-00039-BO   Document 20   Filed 10/07/21   Page 6 of 6