IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CV-39-BO

LORRAINE GHEE )
 )
        Plaintiff, )
 )
v. ) ORDER
 )
WALMART STORES EAST L.P., )
 )
        Defendant. )

This cause comes before the Court on plaintiff's motion to vacate judgment pursuant to Rules 60(b)(1), (2), (3) and Rule 60(c). Defendant has responded and the time for filing a reply has expired. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

Plaintiff initiated this action against her former employer alleging a claim for wrongful discharge in violation of North Carolina public policy, specifically North Carolina's Employment Security law. *See* N.C. Gen. Stat. §§ 96-1 *et seq.* The Court dismissed plaintiff's complaint on October 7, 2021. The instant motion was filed on May 23, 2022. Plaintiff, who proceeds in this action *pro se*, contends that she effected service on defendant within the appropriate time, that she sufficiently stated a claim for relief, that she had already received her unemployment benefits prior to the filing of the motion to dismiss and thus defendant's argument that plaintiff relied only on the Division of Employment Security decision was incorrect, and that her motion for wrongful termination is supported by public policy.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) includes several grounds for relief from a final judgment, order, or proceeding, including, *inter alia*, mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; and fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(1); (2); (3).[1]

> It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal. Therefore, before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'

*Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal citations omitted); *see also Williams v. Griffin*, 98 Fed. App'x. 947, 947 (4th Cir. 2004).

Plaintiff has identified no mistake, inadvertence, surprise, or excusable neglect which would support relief from judgment pursuant to Rule 60(b)(1). While plaintiff has attached a certified mail return receipt to her motion, which the plaintiff has not demonstrated is new evidence that with diligence could not previously have been discovered, the Court expressly held that even had plaintiff properly served defendant her complaint must be dismissed for failure to state a claim. Accordingly, she has failed to demonstrate relief under Rule 60(b)(2) is warranted. Finally, "[a] party seeking relief under subsection (3) of the rule must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). Plaintiff's motion does not detail any fraud or misconduct by defendant, and she cannot satisfy the stringent showing required under Rule 60(b)(3).

---

[1] Plaintiff also cites Rule 60(c), which governs the timing and effect of a Rule 60 motion and does not provide a basis for relief.

In sum, plaintiff has failed to present the Court with exceptional circumstances which would warrant relief under Rule 60(b).

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to vacate judgment [DE 25] is DENIED.

SO ORDERED, this 17 day of October 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE